CHAS. PFIZER & CO., Inc., a Delaware corporation,

v.

DAVIS EDWARDS PHARMACAL CORPORATION, a New York corporation.

No. 63 Civ. 3327.

United States District Court
S. D. New York.

Feb. 16, 1967.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for plaintiff.

Appel, Cobert & Gelfand, New York City, for defendant.

RYAN, District Judge.

On January 13, 1967, plaintiff moved to punish defendant for contempt of a judgment of this Court entered on May 19, 1965; five days later on January 18, 1967, defendant moved to vacate the judgment on the following grounds: that the enforcement of the judgment

would violate public policy and be in furtherance of an illegal and criminal monopoly, that plaintiff lacks clean hands, and that continuance of the injunction will cause defendant irreparable harm.

The facts are incontestable. On November 13, 1963, a suit was commenced by plaintiff for infringement by defendant of plaintiff's tetracycline patent; the suit was settled by the parties and a judgment was entered on May 19, 1965 adjudging the validity of the patent and its infringement by defendant, dismissing with prejudice defendant's counterclaims, among others of invalidity because of plaintiff's antitrust violations, and permanently enjoining defendant from further infringement.

What followed was that defendant in late December, 1966 informed plaintiff that defendant had committed itself to import 10,000 kilograms of tetracycline from an unlicensed source and to sell it, and inquired of plaintiff whether it was willing to license plaintiff to do so, stating that in any event it intended to go forward with its purchases and sales. Plaintiff refused such a license and threatened defendant with the instant contempt proceedings. At about this time, defendant ordered 24,000 kilos of tetracycline from plaintiff, which order was accepted and later reduced by defendant to 90 kilos to be delivered by plaintiff upon clearance from the Food and Drug Administration.

It is clear that defendant's intended act, if not already consummated, to import the unlicensed tetracycline is a civil contempt of this Court's order which must be punished unless it be found that the enforcement of the order would thwart justice and perpetrate a wrong. No such finding can be made. Defendant has urged no ground for the vacating of the judgment; no fraud was practiced upon it in arriving at the underlying settlement agreement and there was certainly no innocent ignorance of facts on its part which might in any way persuade a Court that in equity defendant should be relieved of the obligations it freely entered into in the exercise of its business judgment.

The defenses defendant now raises to excuse its violation of the order consist of facts which existed at the time it entered into the agreement and of which it was well aware, and which motivated it to settle with plaintiff. For instance, the proceedings before the Federal Trade Commission on the alleged invalidity of the patent in question and on plaintiff's alleged antitrust violations had been pending since 1958 and still are, and in fact at the time the settlement was arrived at, had assumed an aspect more favorable to defendant and less so to plaintiff than they do at present. At that time, the full Commission had entered a Final Order against plaintiff, directing it to cease certain illegal price-fixing activities and to issue licenses on its tetracycline patent to domestic manufacturers; this order was on appeal; subsequently on June 16, 1966, the Court of Appeals reversed that decision and remanded the matter to the Commission. Upon the remand and on November 9, 1966, there was a decision by the Hearing Examiner (not the Commission) adopting the prior findings of the Commission of 1963. This order is now on appeal to the Commission and constitutes no more than a preliminary decision made by the Examiner. The eventual outcome of that decision is not for us to consider on the fairness or justice of the judgment against defendant. But it is clear that the parties considered those Commission proceedings at the time of the settlement and, in fact, provided specifically for modification and vacation of the Final Judgment in the event of a decision, if favorable to plaintiff permitting it to license defendant; if unfavorable to plaintiff, relieving defendant from its provisions. There has been no final decision in the Federal Trade Commission proceeding, plaintiff's patent has not been invalidated, and therefore the conditions predetermined by the parties do not at this time exist. Defendant's assertions

**44**

in support of the motion to vacate are premature and contrary to its own prior agreement. It is clear it made the motion only because plaintiff would not permit it to disregard its agreement and the order of the Court, and that absent plaintiff's motion to punish it, defendant would not be invoking the aid of the Court. Sunbeam Corp. v. Golden Rule, 2 Cir., 252 F.2d 467, 469. This does not support its attack on plaintiff's clean hands.

Plaintiff's motion is granted; defendant's motion is denied. Settle order adjudging defendant to be in civil contempt of the order of injunction and directing it to comply with it, and to make it liable to a fine of $5,000 for any future violation of the order. No fine is imposed for past violations because none have been proved. The order is to provide for the payment of $500 as reimbursement to plaintiff for costs and counsel fees on this motion, said payment to be made within 10 days after the date of the order to be entered on this motion.